IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELLY GARCIA, on behalf of herself and other persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>FASHION NOVA, INC.,<br><br>   Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br> 1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br> 2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Nelly Garcia brings this class action complaint and demand for jury trial against Fashion Nova, Inc. to stop its practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

   1. Defendant Fashion Nova, Inc. ("Fashion Nova") is an online fashion retail company.

   2. Consumers who purchase products online from Fashion Nova receive unsolicited telemarketing and/or advertising text messages on their cellular telephones.

   3. Fashion Nova sends text message advertisements to consumers without their written or oral consent.

   4. As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5.      The TCPA was enacted to protect consumers from unwanted calls exactly like the messages alleged in this complaint. Defendant sends these text advertisements despite the fact that neither Plaintiff or the other members of the putative Class (defined below) provide prior express written consent to receive them.

6.      As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7.      Plaintiff is a natural person and resident of the State of Louisiana.

8.      Defendant is a for-profit corporation incorporated and doing business in the state of California.

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*.

10.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiff occurred in this District.

## THE TCPA

11.      In 1991, Congress enacted the TCPA in response to voluminous consumer complaints concerning abuses of telephone technology and to compensate consumers for intrusive nuisance calls.[1] Since its inception, however, violators of the Act have persisted with little to no

---

[1] *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012).

repercussions.

12.     Since 2015, the FCC is reported to have ordered TCPA violators to pay a total of

$208.4 million;[2] As of today, it has collected a mere $6,790.

**FACTUAL ALLEGATIONS**

13.      In early 2018, Nelly Garcia provided her cellular telephone number to Fashion

Nova when she purchased clothing items at its website.

14.     On or about June 20, 2018 at approximately 6:06 p.m. Central Standard Time

(CST), Ms. Garcia received the following text message from Fashion Nova at her cellular

telephone number ending in "-5462":



15.     Plaintiff received other text messages from Fashion Nova with the same or

---

[2] Sarah Krouse, *The FCC has fined robocallers $208 million. It's collected $6,790.*, Fox News, https://www.foxnews.com/tech/the-fcc-has-fined-robocallers-208-million-its-collected-6790 (last visited Mar. 28, 2019)

substantially similar generic advertising content as to the message described above.

16.    None of the above-described text messages addressed her by name.

17.    Ms. Garcia has never provided her consent, orally or in writing, to receive text advertisements from Fashion Nova on her cellular phone.

18.    Class members received the same or similar unsolicited text advertisements.

19.    Defendant did not obtain prior express written consent from Plaintiff or Class members to send the above-described text messages to their cellular telephones.

20.    Plaintiff and Class members suffered injuries in the form of invasion of privacy, aggravation, and nuisance.

21.    The text messages alleged herein were exclusively made by, or on behalf of Defendant.

22.    Defendant was and is aware that it was making the above-described text message calls on a widespread basis to consumers who had not provided prior express written consent to receive them/

## CLASS ACTION ALLEGATIONS

23.    **Class Definitions:** Plaintiff Nelly Garcia brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose cellular telephone number, from Defendant, or someone on Defendant's behalf, received telemarketing and/or advertising text messages.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and

4

their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

25.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

(c)     Whether Defendant sent telemarketing and/or advertising text messages without prior express written consent to Class members;

(d)     Whether Defendant sent telemarketing and/or advertising text messages to Class members that did not include automated opt-out instructions; and

(e)     Whether Plaintiff and the members of the Class are entitled to treble

5

damages based on the willfulness of Defendant's conduct.

26.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

27.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

28.     **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual

prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

29.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**CAUSE OF ACTION**
**(Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

30.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.     Defendant made unwanted, unsolicited text message advertisements to Plaintiff and the Class members' cellular telephones without their prior express written consent.

32.     Defendant sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

33.     The equipment used by Defendant to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

34.     By sending the text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent using an ATDS, Defendant violated 47 U.S.C. §

7

227(b)(1)(A)(iii).

35.    As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

36.    Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

37.    Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

38.    Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Nelly Garcia, individually and on behalf of the Class, prays for the following relief:

(a)    An order certifying this case as a class action, appointing Plaintiff Nelly Garcia as Class Representative and her attorneys as Class Counsel;

(b)      Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c)       An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d)      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e)      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f)      An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g)      Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration;

(h)      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

(Signature block on the following page.)

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

_____

Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, Louisiana 70119
Telephone: (504)534-5005
*jmk@beaumontcostales*.com

*Attorneys for Plaintiff*

10